IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 7:22-cv-00038-O |
| | ) |
| TEXAS DEPARTMENT OF | ) |
| CRIMINAL JUSTICE, | ) |
|     Defendant. | ) |

**PLAINTIFF JOHN DOE'S MOTION FOR LEAVE
TO FILE AND MAINTAIN ANONYMOUS ORIGINAL COMPLAINT**

To the HONORABLE JUDGE of said court, now comes Plaintiff John Doe, through his counsel and using a pseudonym to protect his medical and personal privacy, and files this Motion for Leave to File and Maintain an Anonymous Original Complaint.

### INTRODUCTION

Plaintiff is a military veteran of Iraq and Afghanistan who served in the United States Army Infantry, First Battalion, 75th Ranger Regiment. On active duty from 2009 until 2015, Plaintiff served in the Korangal Valley of Kunar Province Afghanistan in 2013-2014, which is commonly referred to as the "Valley of Death." Indeed, the Korangal Valley had more American deaths than any other individual location in the post-9-11 War on Terror. Plaintiff's Rehabilitation Act case revolves around the fact that related to his military service he was diagnosed with Depression, Severe Anxiety, and Post Traumatic Stress Disorder (collectively PTSD). Central to the case is that the PTSD medicine prescribed by his physician to treat his PTSD is Fluoxetine (Prozac), which is known to create a false positive drug test for LSD, Amphetamines, and Methamphetamines. Plaintiff was wrongfully terminated based on a policy that denies Plaintiff the ability to show that the drug

**PLAINTIFF JOHN DOE'S MOTION TO FILE ANONYMOUS COMPLAINT – Page 1 of 4**

screening test for which he was fired was a false positive and/or fails to recognize that the drug Prozac creates false positive drug tests. Specifically, because Prozac was not on the Defendant's pre-established list of drugs that it recognizes are known to cause false-positive drug tests, Defendant terminated Plaintiff's employment based on a drug screen test showing possible Methamphetamine and Amphetamine usage, and wrongfully terminated him without entering into any dialog with Plaintiff's physician to reach a reasonable accommodation that would allow him to take Prozac and continue to work, without adding Prozac to its "false positive" drug list, and without even seeking to determine if any follow on tests could prove that the urine test is question was a false positive test, thus wrongfully denying him his Rehabilitation Act rights.

## MOTION

Plaintiff moves for leave to file and maintain this matter as an anonymous filing based on the Fifth Circuit precedent and analysis of *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). In the *Stegall* matter, the Fifth Circuit reversed a trial court's denial of an anonymous filing and held that the trial court maintains broad discretion to allow anonymous filings. *See id.* at 184.

The Fifth Circuit held that the trial Court had never-the-less abused this discretion by improperly limiting its authority under the Fifth Circuit's prior case of in *Southern Methodist University Association v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979), stating

> In Southern Methodist University Ass'n, our Court undertook to isolate the characteristics common to those exceptional cases in which the need for party anonymity overwhelms the presumption of disclosure mandated by procedural custom. Judge Ainsworth, writing for the panel, identified factors presented in cases permitting party anonymity, only the first of which is present in the suit at bar:
>
>> (1) plaintiffs seeking anonymity were suing to challenge governmental activity;
>> (2) prosecution of the suit compelled plaintiffs to disclose information "of the utmost intimacy;" and
>> (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution.

**PLAINTIFF JOHN DOE'S MOTION TO FILE ANONYMOUS COMPLAINT – Page 2 of 4**

The parties seeking to proceed under pseudonyms in Southern Methodist University Ass'n satisfied none of these characteristics. Thus, their arguments asserted in favor of anonymity were weighed against the interest mandating full disclosure in judicial proceedings and found wanting.

The Southern Methodist University Ass'n analysis of the issue is perceptive and entirely accurate. Nevertheless, we think it would be a mistake to distill a rigid, three-step test for the propriety of party anonymity from the fact-sensitive holding in Southern Methodist University Ass'n.

*See, Stegall*, 653 F.3d at 185, citing, *Southern Methodist University Ass'n,* 599 F.2d at 713, and n.11. Accordingly, the Fifth Circuit determined that the *Southern Methodist University Association* case should be interpreted liberally when necessary. *See id.*

However, in this instant case, there is no need to measure the breadth and width of such liberality because Plaintiff's matter directly involves two of the three *Southern Methodist University Association* factors as Plaintiff is suing a governmental entity related to private medical conditions caused by his military service, which medical conditions Plaintiff does not want to be made public in order to seek redress from his governmental employer. *See id.*

To be clear, Plaintiff understands both that his identity will be made known immediately to Defendant and also that should this case proceed to any hearings, motion practice, or a jury trial, that his identity will be visibly exposed to all persons in open court at the time of said hearings, courtroom conferences, or trial. Even so, under the precedence of *Stegall* and *Southern Methodist University Association* Plaintiff asserts that the Court is well within its discretion to allow the Plaintiff to proceed through anonymous filings.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to File and Maintain an Anonymous Original Complaint, and any other and further relief in law or in equity as the Court deems just and right.

RESPECTFULLY SUBMITTED,

*/s/Eric N. Roberson*

Eric Roberson
Texas State Bar No. 00792803
ENR@Kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, TX 75204
214-379-0817 Direct
214.969.9099 Switchboard
214.379.0843 Fax
*Counsel for Plaintiff John Doe*

## CERTIFICATE OF NON-CONFERENCE

The undersigned certifies that he is not aware of the identity of Defendant's Counsel, and that with no counsel of record for defense having yet appeared in this newly filed matter, he is unable to confer with Defendant's Counsel on this Motion.

*/s/Eric N. Roberson*

Eric Roberson

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this motion will be served upon Defendant with the Original Complaint and that the Plaintiff will not oppose any reasonable request for an extension of time for the Defendant to file a Response to this Motion.

*/s/Eric N. Roberson*

Eric Roberson

**PLAINTIFF JOHN DOE'S MOTION TO FILE ANONYMOUS COMPLAINT – Page 4 of 4**