IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:22-CV-00038-O |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| *Defendant.* | § | |

## DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S BRIEF IN OPPOSITION TO PLAINTIFF JOHN DOE PROCEEDING ANONYMOUSLY

Defendant Texas Department of Criminal Justice, ("TDCJ") by and through the Office of the Attorney General for the State of Texas, file this brief as ordered by the Court on the issue of whether Plaintiff John Doe ("Plaintiff") should be permitted to proceed anonymously.

## I.
## INTRODUCTION

The law is clear that a plaintiff should only be allowed to proceed anonymously in rare and exceptional cases. Here, the Court should not permit Plaintiff John Doe to proceed anonymously because his alleged claims of disability discrimination and wrongful termination do not rebut the strong presumption in favor of parties' proceeding in their own names. Specifically, Plaintiff's diagnosis of PTSD and the medications he takes to treat his condition do not rise to the level of utmost intimacy typically found for matters relating to sexually explicit acts of minors, homosexuality, or transexuality. *See Plaintiff B v. Francis*, 631 F.3d 1310 (11th Cir.2011); *Doe v. Commonwealth's Attorney for Richmond,* 403 F.Supp. 1199 (E.D.Va.1975); and *Doe v. McConn,* 489 F.Supp. 76 (S.D.Tex.1980).

On April 4, 2022, Plaintiff John Doe ("Plaintiff") filed a complaint against his former employer and current defendant, TDCJ, alleging violations of the Rehabilitation Act on the basis

that medications his doctors prescribed for his Post Traumatic Stress Disorder ("PTSD") caused him to test positive for controlled substances such as Methamphetamines and/or Amphetamines. (ECF No.1 at 4, 5).  On April 14, 2022, Plaintiff filed a Motion for Leave to File and Maintain an Anonymous Complaint based on his complaint involving a governmental activity and his medical conditions.  (ECF No. 2 at 3).  On April 15, 2022, this Court ordered parties to brief whether it should permit Plaintiff to proceed anonymously after it found Plaintiff's explanation for anonymity insufficient.  (ECF No. 5 at 2).

However, Plaintiff cannot proceed as John Doe because (1) disclosure of his medical condition is not information of the utmost intimacy, (2) challenging a government activity does not weigh in his favor, and (3) disclosure will not result in retaliation, violence, or threats thereof.

## II.
### DEFENDANT TDCJ'S OPPOSITION TO PLAINTIFF'S REQUEST TO PROCEED ANONYMOUSLY

### A.  <u>Plaintiff Cannot Rebut the Strong Presumption of Disclosure.</u>

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties."  "This rule serves more than administrative convenience.  It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir.1992) citing *Doe v. Rostker*, 89 F.R.D. 158, 160 (N.D.Cal.1981) and *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont.1974)).  Additionally, Rule 17(a) requires "[e]very action shall be prosecuted in the name of the real party in interest."

This creates a strong presumption in favor of parties' proceeding in their own names.  Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not. *See Doe v. Smith*, 429 F.3d 706, 710 (7th Cir.2005) ("[The plaintiff] has denied [the defendant] the shelter of anonymity—yet it is [the defendant], and

not the plaintiff, who faces disgrace if the complaint's allegations can be substantiated. And if the complaint's allegations are false, then anonymity provides a shield behind which defamatory charges may be launched without shame or liability."). *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).

Here, Plaintiff requests anonymity because he does not want his medical conditions to be disclosed to the public. However, Plaintiff's concern does not rebut the strong presumption favoring parties proceeding in their own names. Thus, the Court correctly found the basis for this request insufficient, and Plaintiff should not be permitted to proceed anonymously.

### B. Medical Disclosure Does Not Permit Plaintiff's Anonymity.

The federal rules of procedure do not provide instruction regarding plaintiffs who wish to proceed anonymously with their lawsuits. *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). Accordingly, in *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981)(Unit A), the Fifth Circuit provided guidance for deciding whether to allow a plaintiff to proceed anonymously. Courts must decide whether the considerations calling for the maintenance of a party's privacy outweigh the customary and constitutionally-based presumption of openness in judicial proceedings. *Id.* at 186. There is no "hard and fast formula for ascertaining whether a party may sue anonymously," but three factors are entitled to considerable weight: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit compels the plaintiff to disclose information of the utmost intimacy; and (3) whether the plaintiff is compelled to admit her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* at 185. In addition to these factors, courts evaluate a range of other considerations in light of the attendant facts and circumstances of the case including a

plaintiff's fear of harassment and violent reprisals, a plaintiff's age and related vulnerability, and the prejudicial impact of a plaintiff's anonymity on the defendant. *Id.* at 186.

Here, Plaintiff makes the conclusory statement that he should be permitted to remain anonymous due to him suing his former governmental employer and the disclosure of his medical conditions. (ECF No. 2 at 3).  However, this wholly ignores the fact that Courts must decide whether a party's privacy outweighs the presumption of openness in judicial proceedings. *Stegall,* 653 F.2d at 186. Upon an inquiry at the two factors Plaintiff's claim for him to proceed anonymously, suing to challenge governmental activity and disclosure information of the utmost intimacy to Plaintiff, Plaintiff cannot overcome the presumption of openness.

### 1.  Suing TDCJ Does Not Weigh in Plaintiff's Favor

Plaintiff challenges the governmental activity of TDCJ's alleged wrongful termination. "But of course, in only a very few cases challenging governmental activity can anonymity be justified." *Stegall*, 653 F.2d at 186.  Although this factor is significant, it does not further Plaintiff's request to remain anonymous in the context of *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir.1979), where the factor was first articulated.

In *Wynne & Jaffe*, four female lawyers wanting to proceed anonymously against two Dallas law firms in a sex discrimination suit, the court explained the significance of permitting plaintiffs to proceed anonymously when challenging government activity:

> While such suits involve no injury to the Government's "reputation," the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm. Defendant law firms stand publicly accused of serious violations of federal law. Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names.

*Wynne & Jaffe*, 599 F.2d at 713.

"Thus, because the plaintiffs were suing private individuals rather than a government agency, the court found *more* reason *not* to grant the plaintiffs' request for anonymity. *Wynne & Jaffe* does not stand, however, for the proposition that there is more reason to grant a plaintiff's request for anonymity if the plaintiff is suing the government. Consequently, the fact that Doe is suing the Postal Service does not weigh in favor of granting Doe's request for anonymity." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (finding Plaintiff not permitted to proceed anonymously when suing his employer, United States Postal Service, for wrongful termination in violation of the Rehabilitation Act).

Further, this District did not permit a plaintiff firefighter employed by the city of Fort Worth to proceed anonymously despite suing a governmental entity under Title VII of the Civil Rights Act of 1964 42 U.S.C. §§ 2000e to 2000e-17 and 42 U.S.C. § 1983 for violation of her right to equal protection under the United States Constitution. *Doe v. Fort Worth Texas*, No. 4:19-CV-1001-A, 2020 WL 1159435, at *1 (N.D. Tex. Mar. 10, 2020), appeal dismissed, No. 20-10384, 2020 WL 9258337 (5th Cir. Apr. 24, 2020).

Plaintiff cannot assert that because he is suing a governmental entity that he should be permitted to proceed anonymously.  As such, this factor does not weigh in Plaintiff's favor.

## 2.   Plaintiff's Medical Condition Does Not Rise to the Level of Utmost Intimacy

In essence, Plaintiff bases his request for anonymity on the disclosure of his PTSD, anxiety, and depression. (ECF No. 2 at 3.)  However, as the Court noted in its Order, "[w]here the issues involved are matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality, or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private

matter." *See Wynne & Jaffe*, 599 F.2d at 712, 713; *Patton v. Entercom Kansas City, LLC*, No. 13-2186, 2013 WL 3524157, at *1 (D. Kan. July 11, 2013) (finding "highly sensitive and important privacy interests" which warrant allowing a plaintiff to proceed anonymously usually involve "abortion, birth control or welfare prosecutions involving abandoned or illegitimate children"); *Doe v. United Services Life Ins.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988)(finding courts have allowed parties to use fictitious names, particular where necessary to protect privacy in very private matters, and in support citing cases dealing with birth control, abortion, transexuality, mental illness, and welfare rights of illegitimate children); *Doe v. Compact Info. Systems, Inc.*, No. 13-5013, 2015 WL 11022761, at *4 (N.D. Tex. Jan. 26, 2015) ("[G]enerally, the information of the utmost intimacy standard applies to cases involving issues such as" abortion and prayer and personal religious beliefs) (internal citations omitted); *Rose v. Beaumont Indep. School Dist.*, 240 F.R.D. 264, 268 (E.D. Tex. 2007) (finding not even sexual assault to be so compelling regarding its intimate nature as to permit plaintiffs to proceed anonymously in instances where the plaintiff is pursuing an action against the alleged abuser).

Here, Plaintiff does not allege personal embarrassment, harassment, threats of violence, or any retaliation if his name is disclosed in the instant matter. "Anonymity must only be used when an articulate, pressing danger to the person outweighs the public's right to open judicial proceedings." *Wynn & Jaffe*, 599 F.2d at 712. Accordingly, Plaintiff cannot overcome the strong presumption in favor of the public's right to open judicial proceedings.

### III.
### CONCLUSION

Under the Fifth Circuit analysis, Plaintiff John Doe cannot proceed anonymously because challenging a government entity does not weigh in his favor and disclosure of his medical conditions does not rise to the level necessary to overcome the strong presumption that

parties must proceed in their own names.  Plaintiff does not allege threats of violence, retaliation, or any specific harm that will come to him if he is not permitted to proceed anonymously.  Plaintiff still has HIPAA protection and may file any motions containing his medical information under seal if he has concerns about disclosure to the public thereof.

As such, Defendant TDCJ respectfully requests this Court to deny Plaintiff's Motion for Leave to File and Maintain an Anonymous Complaint.


Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

/s/ *Erika D. Hime*
**ERIKA D. HIME**
Assistant Attorney General
Texas State Bar No. 24072899
Erika.Hime@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, TX 78711-2548
(512) 463-2080 / Fax (512) 370-9814

**ATTORNEYS FOR DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

7

**NOTICE OF ELECTRONIC FILING**

I, **ERIKA D. HIME**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Northern District of Texas, on April 29, 2022.

*/s/ Erika D. Hime*
**ERIKA D. HIME**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

On April 29, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5 (b) (2).

*/s/ Erika D. Hime*
**ERIKA D. HIME**
Assistant Attorney General

8