IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JOHN DOE, )<br>         **Plaintiff,** )<br>)<br>v. )<br>)<br>TEXAS DEPARTMENT OF )<br>CRIMINAL JUSTICE, )<br>         **Defendant.** ) | Case No. 7:22-cv-00038-O |

**PLAINTIFF JOHN DOE'S BRIEF IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE AND MAINTAIN ANONYMOUS ORIGINAL COMPLAINT**

Plaintiff John Doe is an Army Ranger combat veteran. Like 20% of his fellow Iraq and Afghanistan veterans, he suffers from military-related PTSD. He has been diagnosed with major depressive and anxiety disorders and Post Traumatic Stress Disorder (collectively "PTSD") that would otherwise prevent him from working. He takes physician-prescribed Prozac to manage his disability. Prozac is known to cause false positive drug reactions and erroneously appear as amphetamine and methamphetamine on urine drug tests. Plaintiff claims he was wrongfully terminated without the Defendant even considering adding Prozac to its false-positive drug list. Plaintiff seeks damages, equity, and declaratory relief under the federal Rehabilitation Act.

Before the Court is Plaintiff's Motion to Plaintiff John Doe's Motion for Leave to File and Maintain Anonymous Original Complaint (Dkt. 2 – "Motion for Leave") and the Court's Order for the Parties to file briefs thereon (Dkt. 5). Plaintiff's Brief is timely filed in Support of his Motion for Leave.

Plaintiff's counsel is not Don Quixote. Indeed, Plaintiff's Counsel tries to avoid tilting at windmills, and refrains from basing legal motions on such illusory chivalric notions as hope or desire. This motion is based on the solid application of the balancing tests provided by the Fifth Circuit. The Plaintiff's complaint contains all three elements of the Fifth Circuit's Sothern

**Plaintiff's Brief In Support Of Motion For Leave to File Anonymously – Page 1**

Methodist University Association case's analysis as explicated by Fifth Circuit's *Doe v. Steger* case. Likewise, the same result occurs under the often-cited *Doe v. Provident Life* factors adopted by the Third Circuit.

Indeed, there is no doubt that many of the cases where anonymity is granted contain facts far more horrific than the allegations detailed in this case. In this case John Doe is not a minor, nor is he a victim of sexual assault. Even so, the use of anonymity for federal court plaintiffs is not limited to such horrific facts. As described below, upon a balancing of the interests between a litigant's privacy interests (and the public's interests in allowing such anonymity) on one hand and the presumption for open judicial proceedings, many federal courts have held that plaintiff anonymity is appropriate under circumstances, such as this case, where the Plaintiff must provide details of mental illness in order to prevail.

## ARGUMENTS AND AUTHORITIES

### A.  The Court Clearly Has Discretion to Maintain Anonymity of an Iraq-Afghanistan Veteran Soldier Suffering from Military Related PTSD

Although lawsuits are inherently public events, a federal court may allow a party to proceed anonymously in appropriate cases. *See Doe v. Morrisville*, 130 F.R.D at 614 ("Under special circumstances . . . courts have allowed parties to use fictitious names, particularly where necessary to protect privacy."). Indeed, anonymity may be warranted if a case involves highly sensitive or personal matters, or if there is a concrete risk of injury to the plaintiff by disclosure. *M. M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998). The question is whether the detailed disclosure of Plaintiff's mental health details, including major depressive and anxiety disorders and Post Traumatic Stress Disorder (collectively "PTSD"), and the risk of negative injury in a small community like Wichita County where he continues to seek public service

employment, are sufficient to allow anonymity. Plaintiff asserts that anonymity is appropriate in this matter.

### B. The Court Should Exercise its Discretion in Favor of Maintaining Anonymity Under the Fifth Circuit's *SMU Association* Analysis, as Modified

In *Southern Methodist University Association v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979), the Fifth Circuit identified three factors presented in cases permitting party anonymity:

> (1) plaintiffs seeking anonymity were suing to challenge governmental activity;
>
> (2) prosecution of the suit compelled plaintiffs to disclose information "of the utmost intimacy;" and
>
> (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution.

Subsequently in *Doe v. Stegall*, the Fifth Circuit expanded these criteria, stating:

> The Southern Methodist University Ass'n analysis of the issue is perceptive and entirely accurate. Nevertheless, we think it would be a mistake to distill a rigid, three-step test for the propriety of party anonymity from the fact-sensitive holding in Southern Methodist University Ass'n.

*See, Stegall*, 653 F.3d at 185, citing, *Southern Methodist University Ass'n,* 599 F.2d at 713, n.11. Accordingly, in holding that the *Southern Methodist University Association* case should be interpreted liberally when necessary, the Court expressly held that district courts should engage in a balancing test weighing the privacy concerns of individuals with the presumption of openness of judicial procedures. *See id.*

> We think the factors common to anonymous party suits isolated in Southern Methodist University Ass'n deserve considerable weight in the balance pitting privacy concerns against the presumption of openness of judicial proceedings.

*See, Id.* at 185-86.

These factors do not form a "rigid, three-step test for the propriety of party anonymity." *Id.* A party need not prove all three to proceed anonymously. *Doe v. El Paso*

*Cty. Hosp. Dist.*, No. EP-13-CV-406-DCG, 2015 WL 1507840, at *2 (W.D. Tex. Apr. 1, 2015) (citing *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) and *Stegall*, 653 F.2d at 186). Nor are the factors exclusive. The Fifth Circuit chose to "advance no hard and fast formula for ascertaining whether a party may sue anonymously." 653 F.2d at 186.

Significant factors also include the minor status or vulnerability of a party, threats of violence or harassment, and the "fundamental privateness" of the issue at the core of the suit. *Stegall*, 653 F.3d at 185-86. Ultimately, based on factors including the high level of personal privacy given to religious belief, the threat of community harassment and violence, and the fact that the Plaintiffs were minors, the Court held that the District Court abused its discretion in failing to give plaintiffs anonymous status. The balancing of these interests lies within the discretion of the district court. *See Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992); and *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E.D. Tex. 2007).

In the instant matter, as to the first *SMU Association* factor, there is no doubt that the Plaintiff is suing the government and thus satisfies this element.

As to the second *SMU Association* factor, Plaintiff's requirement to detail his mental illness satisfies this item. For example, in *T.S. by and through P.O. v. Burke Foundation*, case no. 1:19-CV-809-RP, 2019 WL 12251945, *1 (W.D.Tex. Oct. 29, 2019), the Court held that the privacy of a personal's mental health record and the Plaintiff's status as a minor both worked to move the balance in favor on the Plaintiff's anonymity. Likewise, mental illness is considered a "matter of utmost intimacy" in the second factor of the *SMU Association* analysis. See, e.g., *Doe. v. Compact Information*

**Plaintiff's Brief In Support Of Motion For Leave to File Anonymously – Page 4**

*Services, Inc.*, case no. 3:13-CV-5013-M, 2015 WL 11022761 (N.D. Tex. Jan. 26, 2015) (Mag. J. Ramirez) citing, *Doe v. United Services Life Ins.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988)(finding courts have allowed parties to use fictitious names, particular where necessary to protect privacy in very private matters, including mental illness); *see also, Doe v. Griffon Management, LLC*, case No. 14–2626, 2014 WL 7040390 *2, (E.D. La. Dec. 11, 2014), citing *Doe v. Megless,* 654 F.3d 404, 408 (3d Cir. 2011) (including mental illness in list of areas of utmost privacy). Indeed, *Doe v. Astrazeneca Pharmaceuticals, LP*, the Eastern District of Louisiana, cited *Griffon Management* and *Megless* with approval, but denied the Plaintiff's motion for anonymity because she had taken the medication involved for a sleep disorder and not for a mental illness. See, case no. 15–438, 2015 WL 4661814 *5 (W.D. La Aug. 05, 2015).

Finally, as to the third *SMU Association* factor, after further review[1] of the *Stegal* matter, Plaintiff's complaint that he was wrongly stigmatized with the specter of being branded a criminal by revealing his false positive drug test has been found by Stegal and cases citing Stegal as satisfying the purpose of the third SMU Association elements. See 653 F.2d at 186 ("the Does have, by filing suit, made revelations about their personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior). Indeed, relying on *Stegal*, the Northern District of Mississippi ruled that an Ole Miss student's allegations that he was falsely accused of sexual assault through the University's discipline process in violation of his due process rights raised the legal interest of the third *SMU Association* element. *See Doe*

---

[1] Plaintiff's original Motion for Leave does not assert that the third SMU Analysis factor is in Plaintiff's favor, but this Brief does so to the extent that the *Stegal* case expanded this element.

**Plaintiff's Brief In Support Of Motion For Leave to File Anonymously – Page 5**

*v. University of Mississippi*, case no. 3:21-cv-201-DPJ-FKB, 2021 WL 6752261 * (N.D. Miss. Apr. 14 2021) (Mag. J. Ball) (granting anonymity).

Accordingly, in this case all three elements of the SMU Association factors favor the Court granting Plaintiff's Motion for Leave.

    **C.    The Court Should Exercise its Discretion in Favor of Maintaining Anonymity under the Provident Life Analysis**

Other circuits agree with the Fifth Circuit's that a district court has broad discretion to decide whether to permit a plaintiff to proceed anonymously. *See Doe v. C.A.R.S. Protection Plan, Inc.*, 527 F.3d 358, 371 n. 2 (3d Cir. 2008). In making this determination, "the public's right of access [to the court] should prevail unless the party requesting pseudonymity demonstrates that [his] interests in privacy or security justify pseudonymity." *Doe v. Evans*, 202 F.R.D. 173, 175 (E.D. Pa. 2001). Under that discretion, the "ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001) (citation, punctuation, and internal quotation marks omitted); *see also*, *Does I Thru XXIII*, 214 F.3d at 1068 ("[We] hold that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.").

The Eastern District of Pennsylvania has developed, and the Third Circuit has adopted, a well-reasoned and frequently cited analysis to assist trial courts in determining when a litigant should be allowed to proceed under a pseudonym. *See Doe v. Provident Life and Acc. Ins. Co.,* 176 F.R.D. 464, 467 (E.D.Pa.1997). The Third Circuit has adopted the *Provident Life*

factors in *Doe v. Megless*, 654 F.3d at 408-09.² Under the *Provident Life* analysis, a district court considers a number of non-exclusive factors when deciding whether to grant a party's request for anonymity. *Evans*, 202 F.R.D. at 175. Factors in favor of anonymity include:

> (1) the extent litigant has kept his identity confidential;
> (2) the reason for anonymity;
> (3) if there is public interest in favor of anonymity;
> (4) if the case is fact sensitive or purely of a legal nature;
> (5) whether the litigant will pursue his claim if he cannot proceed anonymously; and
> (6) if the party opposing anonymity has illegitimate ulterior motives.

*Provident Life,* 176 F.R.D. at 467-68.

The first *Provident Life* positive factor requires a trial court to examine the extent of anonymity existing both before and after the complaint is filed. *Provident*, 176 F.R.D. at 468. A court is more likely to grant pseudonymity if a party's anonymity has been preserved. *See id.* (allowing the plaintiff to proceed anonymously because he had only revealed his identity to his counsel, his immediate family, and his medical providers and requested his identity be concealed from the defendant); *see also F. B. v. E. Stroudsburg Univ.*, No. 09-525, 2009 WL 2003363, at *3 (M.D. Pa. July 7, 2009) (weighing this factor in favor of the plaintiff because, although the defendants knew the plaintiff's identity, the plaintiff had not told her close family and friends about her pending suit). In this case, Plaintiff has maintained his anonymity in the action and as explained in his Declaration filed under seal, seeks to maintain the privacy of his PTSD because of public discomfort with PTSD and fear of discrimination. Declaration at ¶¶ 4-6.

The second *Provident Life* positive factor requires a trial court to consider the basis for Plaintiff's requested anonymity. In *Provident*, the plaintiff requested anonymity to prevent disclosure of his mental illness. 176 F.R.D. at 465. The *Provident* court acknowledged the social

---

² *Megless* has been cited 333 times, and *Provident Life* has 264 citations. The six-factor test has 68 citations to *Provident Life* and 89 citations to *Megless*.

**Plaintiff's Brief In Support Of Motion For Leave to File Anonymously – Page 7**

stigma associated with mental illness and held the plaintiff's fear of stigmatization was reasonable because "the plaintiff may [] suffer irreparable harm to his professional reputation [from disclosure]." *Id.* Likewise, Plaintiff in this matter reasonable seeks for his mental illness to remain private, and as in Provident Life, this factor supports Plaintiff's requested anonymity.

The third *Provident Life* positive factor asks a trial court to consider whether public interest supports anonymity, which occurs when denying anonymity would deter other similarly situated plaintiffs from bringing suit. *See Provident*, 176 F.R.D. at 468 ("[D]enying plaintiff the use of a pseudonym may deter other people who are suffering from mental illnesses from suing . . . merely because they fear that they will be stigmatized in their community if they are forced to bring suit under their true identity."). In this case, there are literally thousands of similarly situated veterans and other individuals disabled with PTSD who take one of the three PTSD medications that enable them to work but places them at risk of a false positive drug test. As such, these individuals serve to move the third factor in Plaintiff's favor as in the *Provident Life* matter.

Under the fourth *Provident Life* positive factor, a trial court may examine how specific issues in this case could affect public interest. *E. Stroudsburg Univ.*, 2009 WL 2003363, at *3. Depending on how a case is fact-sensitive, "the public has more of an interest in knowing who makes [the] allegations than in a case where purely legal issues are involved." *Id.* This case is not fact-sensitive because Plaintiff alleges does not allege there is anything abnormal or specific about his PTSD. Rather, like the up to 20% of Iraq and Afghanistan veterans, Plaintiff suffers PTSD. That Prozac is one of the medicines known to successfully treat PTSD and allow persons otherwise disabled by PTSD to work is also a general fact, not specific to Plaintiff. That Prozac is known through a large volume of peer-reviewed medical literature to cause a false positive for

amphetamines and methamphetamines is also not fact specific to Plaintiff. That Defendant has failed to include Prozac on its list of drugs known to cause false positives for amphetamines and methamphetamines is also not fact specific to Plaintiff. Indeed, there is nothing special about Plaintiff's facts that would make his identity necessary to the general public or require his identity to be revealed writ large. Here the issue is of a legal nature, given the class-wide facts that Prozac is known to cause false positives, should Defendant be required to place it on its false positive drug list and does the Rehabilitation Act require Defendant to accept the testimony and medical literature of the physician who prescribed Plaintiff his Prozac.

Under the fifth *Provident Life* positive factor, a trial court must ask whether Plaintiff will pursue the case if he is denied anonymity. *Id.* This item does not assist Plaintiff because he will move forward with his case in the event of either a ruling in favor or against his Motion for Leave.

Finally, under the sixth *Provident Life* positive factor, a trial court must examine the level of public interest in the case with the higher the interest being a negative factor. *Provident Life*, 176 F.R.D. at 468. In this matter, it appears that the public interest is limited. Specifically, the Plaintiff's counsel sent press releases to media outlets in Austin, Dallas, Fort Worth, Houston, Huntsville, and San Antonio because of the perceived public interest in this story. To avoid pretrial publicity in the jury pool area, no press release was sent to Wichita Falls Media. Despite this press release being sent to over 20 print and broadcast media outlets, none picked up the story. Accordingly, despite Plaintiff's reasonable believe that the public at large supports veterans and wishes veterans to have full employment rights, this factor appears to be in Plaintiff's favor.

**Plaintiff's Brief In Support Of Motion For Leave to File Anonymously – Page 9**

Additionally, under the *Provident Life* analysis, the trial court may also consider factors against anonymity:

(1) the universal level of public interest in access to the identities of litigants;

(2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and

(3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated,"

*Id.* at 468

Plaintiff asserts that none of these factors move the analysis. Because Plaintiff is not a public figure, his identity being kept anonymous is not impacted by the second factor. While Defendant has not agreed to this motion, neither party appears to assert the others position is illegitimately motivated.

## CONCLUSION

Plaintiff is aware that motions for leave to file and maintain anonymous complaints are rarely filed and usually have more "exotic" facts. Even so, under both the Fifth Circuit's modified *Southern Methodist University Association* analysis and under the Third Circuit's *Provident Life* analysis, Plaintiff's motion is well within the Court's discretion and should be granted. Indeed, all three of the SMU Association factors favor Plaintiff, and five of six of the Provident Life factors favor Plaintiff. Having risked life and limb and been disabled in service of his nation, Plaintiff should be allowed to protect his rights without losing his right to privacy over his personal mental illness details or his lose future employment opportunities in his close-knit community.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to File and Maintain an Anonymous Original Complaint.

RESPECTFULLY SUBMITTED,

*/s/ Eric N. Roberson*

Eric Roberson
Texas State Bar No. 00792803
ENR@Kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, TX 75204
214-379-0817 Direct
214.969.9099 Switchboard
214.379.0843 Fax
*Counsel for Plaintiff John Doe*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of this Brief will be served on all counsel of record via the ECF/Pacer system simultaneously with filing.

*/s/ Eric N. Roberson*

Eric Roberson