IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:22-cv-00038-O |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for Leave to File and Maintain Anonymous Original Complaint filed by Plaintiff John Doe ("Doe") on April 14, 2022 (ECF No. 2), Response to the Plaintiff's Motion filed by the Texas Department of Criminal Justice ("TDCJ") on April 29, 2022 (ECF No. 9), and Doe's Brief in Support filed on April 29, 2022 (ECF No 10). United States District Judge Reed O'Connor referred the Motion and all related responses to the undersigned on October 3, 2022. ECF No. 18. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Motion.

**I.   BACKGROUND**

Prior to termination of his employment, Doe worked as a TDCJ corrections officer. ECF No. 1 at 2, 4-5. On April 4, 2022, Doe filed a complaint against TDCJ alleging violations of the Rehabilitation Act. *Id*. Doe wishes to proceed anonymously in this case because of the sensitive nature of his medical and mental conditions. ECF No. 10 at 8.

**II.   LEGAL AUTHORITY**

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Additionally, Rule 17(a) requires that "[e]very action shall be prosecuted in

the name of the real party in interest." However, there are exceptions to these general requirements. The Fifth Circuit has identified three factors "common to those exceptional cases in which the need for party anonymity overwhelms the presumption of disclosure": plaintiffs are "suing to challenge governmental activity;" "prosecution of the suit compelled plaintiffs to disclose information 'of the utmost intimacy;'" and "plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir.1979) ("*SMU*")). These factors are not "a rigid, three-step test for the propriety of party anonymity. . . .," but "deserve considerable weight in the balance pitting privacy concerns against the presumption of openness of judicial proceedings." *Stegall*, 653 F.2d at 185-86. In addition to these factors, courts generally also consider the entirety of the circumstances. *Id*. at 186; *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011).

### III. ANALYSIS

Doe alleges two of the three *SMU* factors. He challenges a governmental activity and asserts that disclosure of his identity would compel him to share information about his medical conditions of the utmost intimacy. ECF No. 2 at 3. As to the first factor, courts have allowed plaintiffs to proceed anonymously when they "were challenging the constitutional, statutory or regulatory validity of government activity." *SMU*, 599 F.2d at 713. This factor concerns a challenge to government activity in general, not necessarily a suit to have a law or regulation declared invalid. *Doe v. El Paso Cnty. Hosp. Dist.*, No. EP-13-CV-00406-DCG, 2015 WL 1507840, at *3 (W.D. Tex. 2015). Thus, Doe's challenge to TDCJ's actions and policies qualifies as a challenge to a governmental activity.

However, the courts have permitted anonymous challenges to government activities in only a very few cases. *Stegall*, 653 F.2d at 186. Generally, they also require that the disclosure of a party's utmost sensitive personal information be at issue. Under this factor, "[w]here the issues involved are matters of a sensitive and highly personal nature ... the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *SMU*, 599 F.2d at 712–13.

The courts have found "sensitive and highly personal" information in cases involving issues such as abortion, birth control, sexual assault, sexual orientation, and the welfare rights of illegitimate children or abandoned families. *See Id.*; *Plaintiff B*, 631 F.3d at 1315–19; *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). Prayer and personal religious beliefs likewise involve issues of "utmost intimacy" sufficient to allow a party to proceed anonymously. *See Stegall*, 653 F.2d at 186. Some courts also have allowed plaintiffs to proceed anonymously on matters related to mental health. *T.S. by and through P.O.* v. *Burke Foundation*, No. 1:19-CV-809-RP, 2019 WL 12251945, *1 (W.D. Tex. 2019); *Doe v. Griffon Mgmt. LLC*, No. 14-2626, 2014 WL 7040390, at *2 (E.D. La. 2014).

In other cases, courts have denied anonymity in instances when the plaintiffs' main goal in remaining anonymous was to prevent embarrassment and not psychological harm. *Doe v. Fort Worth Texas*, No. 4:19-cv-1001-A, 2020 WL 1159435, at *1 (N.D. Tex. Mar. 10, 2020), *appeal dismissed*, No. 20-10384, 2020 WL 9258337 (5th Cir. Apr. 24, 2020); *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D. Tex. 2007) (holding that personal embarrassment or humiliation, standing alone, is insufficient to justify the use of a pseudonym); *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992).

While Doe alleges that he wishes to remain anonymous because of his medical conditions, it appears that his primary concern is avoidance of embarrassment from his medical conditions becoming public. ECF No. 2 at 3. He is worried about the risk of injury that would arise "in a small community like Wichita County where he continues to seek public service employment" and the social stigma associated around medical and mental health illnesses. ECF No. 10 at 2-3, 7-8. Doe has failed to show how this risk of injury rises to the same level of "utmost intimacy" as abortion, sexual orientation, or religion or how it would invade his privacy in a very personal matter. Thus, as noted above, because a plaintiff may not remain anonymous merely to prevent embarrassment, Doe has not shown his entitlement under the second *SMU* factor.

Finally, in addition to the *SMU* factors, the Court must consider all of the circumstances of the case in deciding whether a party should be permitted to remain anonymous. *SMU*, 599 F.2d at 713. Doe asserts that he has done everything to remain anonymous so far in the process. ECF No. 10 at 7. He also argues that not allowing him to proceed anonymously would deter other people, especially veterans suffering from PTSD or similar ailments, from suing because of the fear of stigmatization from their community. *Id*. at 8.

However, Doe also asserts that he will continue in the litigation regardless of whether he must use his own name or a pseudonym. *Id*. at 9. He also acknowledges that his identity will be made known to all persons in open court should this case proceed to any hearings or a jury trial and does not object to this fact. ECF No. 2 at 3. Moreover, while Doe claims that he has attempted to maintain anonymity, Doe's counsel has issued press releases to media outlets in Austin, Dallas, Fort Worth, Houston, Huntsville, and San Antonio regarding the case. *Id*. at 9.

While the Court acknowledges that some people may think differently of Doe because of his mental or medical conditions, the circumstances surrounding Doe's claim and actions that he

4

has taken since filing suit convince the Court that the public's interest in full and open court proceedings outweighs the chance that the disclosure of Doe's name in these proceedings could result in some embarrassment to him. Wichita Falls is the home to a large air force base and related military, civilian, and retired personnel as well as a state hospital. The Court concludes that this community and the surrounding counties in the Wichita Falls Division are well-acquainted with the issues affecting veterans and other persons with medical and mental conditions. Under these circumstances, it seems unlikely that Doe would suffer untoward consequences from appearing in this case under his own name.

### IV.     CONCLUSION

Because Doe has not shown that proceeding anonymously in this case is needed to protect his utmost sensitive and highly personal information, the undersigned concludes that the public's interest in full and open court proceedings requires Doe to proceed without a pseudonym. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on December 28, 2022.

                                                                                     _____
                                                                                     Hal R. Ray, Jr.
                                                                                     UNITED STATES MAGISTRATE JUDGE