UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ROBERT FUENTES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:22-cv-00038-O |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE (TDCJ), | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Before the Court are Defendant's Motion to Dismiss Plaintiff's USERRA Claims (ECF No. 24), filed February 10, 2023; Plaintiff's response (ECF No. 28), filed March 17, 2023; and Defendant's reply (ECF No. 29), filed March 31, 2023. For the reasons contained herein, Defendant's motion is hereby **GRANTED**. However, the Court further **GRANTS** Plaintiff leave to file a motion to amend.

### I.   Factual and Procedural Background[1]

Plaintiff Robert Fuentes is a military veteran, serving on active duty from 2009 until 2015 and remaining on the IRR until 2019. Plaintiff has been diagnosed with PTSD related to his honorable military service. Due to his PTSD, Plaintiff has been prescribed the medication Prozac, which he takes daily. According to Plaintiff's Amended Complaint, Prozac (or Fluoxetine) is known to cause false positive drug test results for LSD, Amphetamine, and Methamphetamine.[2]

---

[1] The Court's recitation of the factual background is taken from Plaintiff's Amended Complaint. *See* Am. Compl., ECF No. 22. At the motion to dismiss stage, all well-pleaded facts are taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).
[2] *Id.* at ¶ 14.

Plaintiff was employed by Defendant Texas Department of Criminal Justice ("TDCJ") as a Correctional Officer IV at the James V. Allred Unit from September of 2019 until August of 2021.

In May 2021, Plaintiff submitted to a random drug screen urine test. Soon after, Plaintiff was contacted by the TDCJ Medical Review Officer (MRO) regarding a positive test for Amphetamines and/or Methamphetamines. Plaintiff informed the MRO that he takes Prozac, known to give false positive test results for Amphetamines and Methamphetamines, as well as a nasal inhaler for allergies and sinus congestion, also known to provide a positive test result for Amphetamines. The MRO told Plaintiff that Prozac is not on Defendant's list of medications that will produce a false positive test. Plaintiff states that the MRO then denied Plaintiff the ability to provide medical documentation and refused to engage in any dialog with Plaintiff's physician or consider any of the multiple medical reports that show Prozac produces a false positive test for Amphetamines. The MRO informed Plaintiff that she would be reporting to Defendant that Plaintiff had tested positive for Amphetamines and/or Methamphetamines.

Defendant's Warden Hooper later called Plaintiff to inform him that Plaintiff needed to report to his unit to give a statement for disciplinary action. At the subsequent meeting, Plaintiff states he provided the warden with all medical documentation, including Plaintiff's prescription list, medical journals stating Prozac is known to cause positive tests for Amphetamines, a written statement from Plaintiff's doctor that he prescribed Prozac to Plaintiff and that Prozac causes false positive tests for Amphetamines, and Plaintiff also provided his own written statement indicating that he has never used recreational drugs and that the test result in question was a result of the prescription medication he is taking for his PTSD.

In June 2021, a disciplinary hearing packet was delivered to Plaintiff via certified mail. Included in the packet were notes written by the warden which Plaintiff states inaccurately reported the timeline of events, as well as the medical journals and prescription list provided by Plaintiff. The packet included notes indicating that Plaintiff had provided medical documentation to Defendant regarding the fact that Plaintiff takes prescription Prozac for his PTSD, and that Prozac can cause a false positive for Amphetamines. Despite this record, Defendant recommended that Plaintiff be immediately removed from duty with a disciplinary hearing set for June 21, 2021. Plaintiff was eventually terminated from his position.[3]

On April 14, 2022, Plaintiff filed this lawsuit against Defendant, alleging claims under the Rehabilitation Act.[4] As Plaintiff initially filed this lawsuit using the pseudonym "John Doe," the Court ordered the parties to brief whether Plaintiff should be able to proceed anonymously.[5] On January 12, 2023, the Court denied Plaintiff's motion to proceed anonymously and ordered him to file an amended complaint without pseudonyms.[6] On January 27, 2023, Plaintiff filed an amended complaint, adding claims under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") for compensatory and declarative relief.[7] On February 10, 2023, Defendant filed its motion to dismiss for lack of subject matter jurisdiction under Federal Rule 12(b)(1).[8] Plaintiff filed his response on March 17, 2023.[9] Defendant filed its reply on March 31, 2023.[10] The motion is now ripe for the Court's review.

---

[3] The Amended Complaint does not clearly state the date Plaintiff was terminated.
[4] *See* Compl., ECF No. 1.
[5] *See* ECF No. 5.
[6] Order, ECF No. 20.
[7] Am. Compl., ECF No. 22.
[8] Def. Mot., ECF No. 24.
[9] Pl. Resp., ECF No. 28.
[10] Def. Reply, ECF No. 29.

## II. Legal Standard

Federal district courts are courts of limited jurisdiction; thus, unless proven otherwise, it is presumed that the case is outside the scope of a district court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). A court must dismiss a complaint if it lacks subject matter jurisdiction. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). A plaintiff always has the burden to show jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). A court may dismiss a claim for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

## III. Analysis

Defendant TDCJ moves to dismiss Plaintiff's USERRA causes of action for lack of subject matter jurisdiction under Rule 12(b)(1).[11] Defendant contends that Plaintiff's USERRA claims are barred as USERRA does not contain an abrogation of sovereign immunity for a cause of action brought by a private person against a state employer in federal court, and thus, the Court lacks subject matter jurisdiction over Plaintiff's USERRA claims.[12]

The Supreme Court has "made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting states." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). Such suits are barred by sovereign immunity "absent waiver by the State or valid congressional override." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). For claims to be barred

---

[11] Def. Mot. 1, ECF No. 24.
[12] *Id.* at 2.

4

by sovereign immunity, "the state need not be the named party in a federal lawsuit, for a state's Eleventh Amendment immunity extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citing *Vogt v. Bd. of Commissioners of the Orleans Levee District*, 294 F3d 684, 688–89 (5th Cir. 2002)).

USERRA is "a federal law that protects employees from being discriminated against by their employers because of their military service." *McIntosh v. Partridge*, 540 F.3d 315, 320 (5th Cir. 2008) (citing 38 U.S.C. § 4311). The language of USERRA states clearly that "[i]n the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of State." 38 U.S.C. § 4323(b)(2). In this case, Plaintiff brings his USERRA claims against Defendant TDCJ, which is "an arm of the state of Texas and thus entitled to sovereign immunity." *Valentine v. Collier*, 993 F.3d 270, 280 (5th Cir. 2021). Accordingly, Defendant contends that Plaintiff's USERRA claims must be brought in state court.[13]

In *Mcintosh v. Partridge*, the Fifth Circuit held that the language of USERRA § 4323(b)(2) provides no indication that Congress intended for these claims to be brought in federal court. *See McIntosh*, 540 F.3d at 321. In its reasoning, the Fifth Circuit compared the language of 38 U.S.C. § 4323(b)(2) to the language of neighboring provisions §§ 4323(b)(1) and (b)(3), where Congress explicitly provided for federal jurisdiction in cases where the federal government brings a USERRA claim or when the defendant is a private employer. *Id.* The Fifth Circuit stated that these neighboring provisions "demonstrate that Congress knew how to provide for federal jurisdiction but specifically chose not to do so for USERRA claims brought by individuals against states as employers." *Id.* The Fifth Circuit further considered the effect of the 1998 amendments to

---

[13] Def. Mot. 4, ECF No. 24.

USERRA, which added the current jurisdictional language of § 4323(b)(2). *Id.* The Fifth Circuit reasoned that, after examining the text of the statute in its current and prior forms, there is "no 'unmistakably clear' intention by Congress to abrogate state sovereign immunity by allowing individuals to bring USERRA claims against states as employers in federal court." *Id.* Therefore, the Fifth Circuit held that it did not have jurisdiction over the plaintiff's USERRA claim. *Id.*

Plaintiff bases much of its argument for jurisdiction around the 2022 Supreme Court case *Torres v. Texas Department of Public Safety*, wherein the Supreme Court held that State employers waive sovereign immunity against USERRA claims. 142 S. Ct. 2455, 2466–69 (2022).[14] However, in that case, Texas invoked sovereign immunity against a USERRA claim brought in state court. *Id.* at 2461. The plaintiff brought the suit in state court, litigating through the Texas court system before appealing to the United States Supreme Court. *Id.* The Supreme Court in *Torres* does not state that federal courts have jurisdiction over individuals' USERRA claims. Rather, the Supreme Court in *Torres*, when discussing USERRA's jurisdictional clause, stated: "Congress' clarification that suits proceed 'in a State court of competent jurisdiction in accordance with the laws of the State' <u>merely addresses the fact that USERRA suits must be brought in state (rather than federal) court</u>." *Id.* at 2466 (quoting 38 U.S.C. § 4323(b)(2)) (emphasis added). Therefore, the Court declines to interpret *Torres* as conferring federal jurisdiction over individuals' USERRA claims against state employers.

Plaintiff further discusses the 1998 amendments to USERRA and the cases following the amendments, arguing that, in light of the Supreme Court's decision in *Torres*, the amendments and these cases should be understood as exhibiting Congress's intention of ensuring that USERRA protections are as wide as possible for veterans employed by state employers.[15] However, none of

---

[14] Pl. Resp. 2–8, ECF No. 28.
[15] Pl. Resp. 3–8, ECF No. 28.

the cases Plaintiff cites concluded that federal courts have jurisdiction over individuals' USERRA claims against State employers. *See Townsend v. University of Alaska*, 543 F.3d 478 (9th Cir. 2008); *Risner v. Ohio Dep't of Rehabilitation and Correction*, 577 F. Supp. 2d 953 (N.D. Ohio 2008); *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012); *Trimble v. Louisiana State Univ. Sys.*, No. 22-351-SDD-RLB, 2023 WL 1808355 (M.D. La. Jan. 4, 2023), *report and recommendation adopted*, No. 22-351-SDD-RLB, 2023 WL 1802405 (M.D. La. Feb. 7, 2023).

Rather, three of the cases cited concluded the opposite – that federal courts do not have jurisdiction over an individual's USERRA claims against a State employer. *See Townsend*, 543 F.3d at 484–85; *Risner*, 577 F. Supp. 2d at 961; *Trimble*, 2023 WL 1808355, at *5. And the remaining case, *Mims*, did not involve USERRA, but rather, that case involved the Telephone Consumer Protection Act, and therefore the case did not discuss or involve the jurisdictional clause of 38 U.S.C. § 4323(b)(2). *See Mims*, 565 U.S. 368.

Accordingly, considering the existing caselaw, the Court finds that Plaintiff fails to establish the Court has jurisdiction over his USERRA claims. Accordingly, Plaintiff's USERRA claims against Defendant must be **DISMISSED without prejudice.**

\*\*\*

Plaintiff secondly requests leave to amend to bring his USERRA claims against the individual state actors responsible for the alleged violations under the *Ex Parte Young* doctrine.[16] The *Ex Parte Young* doctrine grants a federal court jurisdiction over a lawsuit against a "state official in his official capacity if the suit seeks prospective relief to redress an ongoing violation of federal law." *Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 451 (5th Cir. 2022) (quoting *Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020)).

---

[16] Pl. Resp. 8, ECF No. 28.

Federal Rule 15(a)(2) states that "[t]he court should freely grant leave when justice so requires." FED. R. CIV. P. 15(a)(2). Whether to grant leave to amend under Rule 15(a) is within the discretion of the trial court. *Garcia v. Zale Corp.*, No. 3:04-CV-1917-D, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006). "In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

At this point, the Court does not have enough information to decide whether such amendment would be futile. The Court does not detect that Plaintiff is acting with undue delay, bad faith, or dilatory motive. Further, the present Amended Complaint (ECF No. 22) is Plaintiff's first complaint to include the USERRA claims. Therefore, the Court **GRANTS** Plaintiff leave to file a motion to amend. Any such motion **SHALL** be filed on or before **August 18, 2023**. At that time, the Court will assess Plaintiff's proposed pleadings to determine whether allowing such amendment would be futile.

### IV.   Conclusion

Accordingly, the Court finds it does not have subject matter jurisdiction over Plaintiff's USERRA claims. Therefore, Plaintiff's USERRA claims against Defendant TDCJ is **DISMISSED without prejudice**. However, the Court **GRANTS** Plaintiff leave to file a motion to amend to bring his USERRA claims against the individual state actors involved. Any such motion **SHALL** be filed on or before **August 18, 2023**.

**SO ORDERED** on this **4th day** of **August, 2023.**

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**